Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com

Steven S. Soliman (SBN 285049)
THE SOLIMAN FIRM, P.L.C.
ssoliman@thesolimanfirm.com

*Attorneys for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MALO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NIKOLA CORPORATION DBA NIKOLA MOTOR COMPANY, TREVOR MILTON and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*).<br>(2) Violation of §10(b) of the 1934 Act and Rule 10b-5.<br>(3) Violation of §20(a) of the 1934 Act<br><br>**Jury Trial Demanded** |

1    Plaintiff DOUGLAS MALO ("Plaintiff"), individually and on behalf of all
2    other members of the public similarly situated, allege as follows:

3    **NATURE OF THE ACTION**

4    1.    This is a securities fraud class action on behalf of all persons who
5    purchased the common stock of NIKOLA CORPORATION DBA NIKOLA
6    MOTOR COMPANY ("NIKOLA" or the "Company") between June 04, 2020
7    and October 06, 2020, inclusive (the "Class Period"). This action is brought
8    against NIKOLA for violations of the Securities Exchange Act of 1934 (the
9    "1934 Act").

10    2.    Plaintiff also brings this class action Complaint against Defendant
11    NIKOLA for Violation of Unfair Competition Law (Cal. Business & Professions
12    Code §§ 17200 *et seq*.), and to obtain redress for a California class of investors
13    ("Class Members") who changed position, within the applicable statute of
14    limitations period.

15    3.    Defendant NIKOLA is a corporation with state of incorporation in
16    Delaware and is engaged in the sale and distribution of electric trucks ("Tucks')
17    and associated products.

18    4.    Based on information and belief, during the Class Period, NIKOLA
19    issued materially false and misleading statements regarding the Company's
20    product. Specifically, Defendants concealed the fact that in its advertisement,
21    NIKOLA's truck was not driving but was merely being rolled downhill. As a
22    result of Defendants' false statements, NIKOLA's stock traded at artificially
23    inflated prices during the Class Period, reaching a high of almost $80 per share
24    on June 09, 2020. In its advertisement, Defendants represented that its trucks
25    would be a functioning product, when this was in fact false. Defendants
26    misrepresented and falsely advertised their product to Plaintiff and other
27    similarly situated investors.

28

CLASS ACTION COMPLAINT

5.     Plaintiff and others similarly situated purchased or attempted to purchase Defendants' common stock (hereinafter "Stock" or "Common Stock"), and they did so on the basis that Defendants' advertisement showed a functioning NIKOLA Truck driving down the road.

6.     Defendants' misrepresentations to Plaintiff and others similarly situated caused them to purchase or attempt to purchase Defendants' common stock, which Plaintiff and others similarly situated would not have done absent these misrepresentations by Defendants and its employees. In so doing, Defendants violated the Unfair Competition Law.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

7.     Investors purchased Defendants' common stock, because Defendants advertised its trucks to be of a certain nature and quality, and in this case, they did so believing that the company has a functioning product.

8.     Investors typically rely on the representations and advertisements of companies such as Defendants' when deciding which common stock to purchase.

9.     Details as to the nature and quality of the trucks were important and material to investors at the time they purchased the common stock.

10.     Many investors would not have purchased stocks of NIKOLA if they knew that NIKOLA's trucks were not functional, or they would have purchased stocks of a different company.

11.     In Plaintiff's case, he purchased NIKOLA's common stock, only after watching Defendants' video depicting Defendants' trucks being functional.

12.     Based on information and belief, Defendants concealed the fact that its trucks would not going be of the same nature and quality as advertised in order to deceive investors into purchasing its stocks.

13.     Based on information and belief, Defendants made written and oral misrepresentations to investors despite the actual nature and quality of its

products.

14.     The aforementioned written and oral misrepresentations are objectively false, unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.,.

15.     Based on information and belief, Defendants are liable for: (i) making false statements; or (ii) failing to disclose adverse facts known to them about the truck.

16.     Defendants' fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of NIKOLA's common stock was a success, as it: (i) deceived the investing public regarding NIKOLA's prospects and business; (ii) artificially inflated the price of NIKOLA's common stock; (iii) caused plaintiff and other members of the Class to purchase NIKOLA common stock at inflated prices; and (iv) permitted the Defendants to sell shares of their NIKOLA stock at artificially inflated prices.

17.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to disclose the true nature and quality of its products in a conspicuous manner, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

18.     Jurisdiction is conferred by §27 of the 1934 Act. The claims asserted herein arise under §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5.  Venue is proper in this district pursuant to §27 of the 1934 Act. Many of the false and misleading statements were made in or issued from this district.

19.     In connection with the acts and conduct alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails and interstate wire and telephone communications.

CLASS ACTION COMPLAINT

**THE PARTIES**

20.    Plaintiff DOUGLAS MALO is a citizen and resident of the State of California, County of San Bernardino, who purchased the common stock of NIKOLA during the Class Period and was damaged as the result of Defendants' wrongdoing as alleged in this complaint.

21.    Defendant NIKOLA CORPORATION DBA NIKOLA MOTOR COMPANY is a Delaware corporation and is headquartered in Arizona.

22.    Defendant Trevor Milton ("Milton") is, and at all relevant times has been, the Company's Chairman of the Board, Chief Executive Officer ("CEO") and President.

23.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

24.    The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

25.    Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise

responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

26.     At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants aided and abetted the acts and omissions as alleged herein.

### PLAINTIFF'S FACTS

27.     On or around July 2019, after seeing Defendants' advertisement of its electric trucks driving down the road, Plaintiff purchased NIKOLA's common stock.

28.     Plaintiff relied on Defendants' advertisement that made it look like Defendants' electric truck was functional and drivable.

29.     Plaintiff paid a valuable consideration to Defendants for the stocks. Specifically, Plaintiff paid in excess of $3,600.00.

30.     In or around September, Plaintiff found out that NIKOLA  and its CEO were being investigated for fraud.

31.     At that time Plaintiff found out that Defendants' truck was not functional as advertised.

32.     Furthermore, Plaintiff found out that the truck was simply rolled downhill by Defendants to make it look like the truck was propelling itself forward.

33.     Immediately thereafter, on or around September 24, 2020, Plaintiff sold his stock in Defendants' company at a loss of approximately $1,700.00.

34.     Had Plaintiff known that Defendants' electric trucks were not driveable as Plaintiff and the class members were led to believe, he would not have purchased Defendants' common stock.

35.     Furthermore, Plaintiff did not discover, nor could he have

discovered, the true nature and quality of the trucks before Plaintiff had purchased the stocks.

36.    When purchasing Defendants' common stock, Plaintiff relied on Defendants' statements about the nature and quality of the trucks in deciding to purchase stocks of Defendants' company. Plaintiff felt assured by Defendants that the trucks would be as represented by Defendants, namely that it was drivable. Plaintiff would not have purchased Defendants' common stock if he had known that Defendants' trucks were of a nature and quality other than what Defendants represented.

37.    Defendants never informed Plaintiff that its trucks that could not be driven as advertised.

38.    Knowledge of the true nature and quality of Defendants' trucks would have impacted Plaintiff's decision to purchase stocks from Defendants over other companies. Plaintiff would have found it important to his purchase decision to know exactly what he was purchasing, and he believed that he was purchasing a stock of a company that had a functional product.

39.    As a result of Defendants' fraudulent practices, described herein, Plaintiff has suffered economic loss, emotional distress, wasted time, and anxiety.

40.    Plaintiff alleges on information and belief that it is Defendants' policy and practice to misrepresent the true nature and quality of its trucks. Plaintiff asserts that this practice constitutes a fraudulent omission of a material fact relating to the nature and quality of its products that would be important to a reasonable investor to know at the time they purchase Defendants' common stock.

41.    Plaintiff alleges on information and belief that Defendants' policy and practice is to materially misrepresent the nature and quality of its trucks,

1  through said fraudulent omissions and misrepresentations, to induce investors to
2  reasonably rely on the said misrepresentations, in order to fraudulently induce
3  their purchase of NIKOLA's stock over law abiding competitors.

4       42.    Such sales tactics rely on falsities and have a tendency to mislead
5  and deceive a reasonable investor.

6       43.    Defendants expressly represented to Plaintiff, through written
7  statements and advertisements, the true nature and quality of its trucks.

8       44.    Plaintiff alleges that such representations were part of a common
9  scheme to mislead investors and incentivize them to purchase Defendants'
10 common stock.

11      45.    Had Defendants properly marketed, advertised, and represented its
12 trucks, Plaintiff would not have purchased Defendants' common stock.

13      46.    Plaintiff agreed to give his money, attention, and time to Defendants
14 because of the nature and quality of the trucks that was advertised. Defendants
15 benefited from falsely advertising the nature and quality of its trucks. Defendants
16 benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in
17 exchange.

18      47.    Had Defendants properly advertised, and represented the its trucks,
19 no reasonable investor who purchased or attempted to purchase NIKOLA's
20 stocks would have believed that Defendants' truck was functional.

21      48.    Defendants' acts and omissions were intentional and resulted from
22 Defendants' desire to mislead investors into purchasing its stocks.

23                            **LOSS CAUSATION**

24      49.    During the Class Period, as detailed herein, the Defendants made
25 false and misleading statements and engaged in a scheme to deceive the market
26 and a course of conduct that artificially inflated the price of NIKOLA common
27 stock and operated as a fraud or deceit on Class Period purchasers of NIKOLA

28

common stock by misrepresenting the Company's business and prospects. Later, when the Defendants' prior misrepresentations and fraudulent conduct became apparent to the market, the price of NIKOLA common stock fell precipitously, as the prior artificial inflation came out of the price over time. As a result of their purchases of NIKOLA common stock during the Class Period, Plaintiff and other members of the Class suffered economic loss, i.e., damages, under the federal securities laws.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under rule 23 of the Federal Rules of Civil Procedure.

51.     The class that Plaintiff seeks to represent (the "Class") is defined as follows:

> All investors, who, between the applicable statute of limitations and the present, purchased or attempted to purchase Defendants' common stock, as a result of false advertisement of Defendants' electric trucks.

52.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

53.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

54.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

55.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

56.     No violations alleged in this complaint are contingent on any

1  individualized interaction of any kind between Class members and Defendants.

2      57.   Rather, all claims in this matter arise from the identical, false,
3  affirmative representations of the products, when in fact, such representations
4  were false.

5      58.   There are common questions of law and fact as to the Class
6  Members that predominate over questions affecting only individual members,
7  including but not limited to:

8      (a)   Whether the 1934 Act was violated by Defendants.

9      (b)   Whether Defendants engaged in unlawful, unfair, or deceptive
10            business practices in selling stocks to Plaintiff and other Class
11            Members;

12     (c)   Whether Defendants made misrepresentations with respect to
13            its electric trucks to induce Class members to purchase its
14            common stocks;

15     (d)   Whether Defendants' statements omitted material facts
16            necessary to make the statements made, in light of the
17            circumstances under which they were made, not misleading;

18     (e)   Whether Defendants violated California Bus. & Prof. Code §
19            17200, *et seq*.;

20     (f)   Whether Defendants knew or deliberately disregarded that
21            their statements were false and misleading;

22     (g)   Whether Plaintiff and Class Members are entitled to equitable
23            and/or injunctive relief;

24     (h)   Whether the price of NIKOLA's common stock was
25            artificially inflated;

26     (i)   Whether Defendants' unlawful, unfair, and/or deceptive
27            practices harmed Plaintiff and Class Members; and

28

(j)     The method of calculation and extent of damages for Plaintiff and Class Members.

59.     Plaintiff is a member of the Class he seeks to represent

60.     The claims of Plaintiff are not only typical of all Class members, they are identical.

61.     All claims of Plaintiff and the Class are based on the exact same legal theories.

62.     Plaintiff has no interest antagonistic to, or in conflict with, the Class.

63.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

64.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

65.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

**Against All Defendants**

66.     Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

67.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such

violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A Plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the Defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a Plaintiff to show merely that the Defendants' conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

68.    California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice."    Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to investors, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.   There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

69.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to investors or competition; and (3) is not one that investors themselves could reasonably have avoided.

70.    Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendants' decision to falsely

advertise its electric trucks. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

71.    Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that Defendants' company trucks were a certain nature and quality in order to induce them to purchase Defendants' stock. In fact, knowing that the truck was not of this nature and quality, Defendants unfairly profited from its false advertisement. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to investors.

72.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these investors could reasonably have avoided. After Defendants falsely represented the nature of Defendants' products, Plaintiff and class members suffered injury in fact due to Defendants' advertisement of their product.  Defendants failed to take reasonable steps to inform Plaintiff and class members that the trucks were not advertised as having the nature and quality that they in fact have. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class members to purchase its Defendants' stocks. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these investors could reasonably have avoided.

73.    Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

74.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent

business practice was likely to deceive members of the public.

75.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

76.     Here, not only were Plaintiff and the Class members likely to be deceived, but these investors were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase the stocks under the basic assumption that they were of a company that had a functioning product, rather the trucks were not functional as advertised. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

77.     As explained above, Defendants deceived Plaintiff and other Class Members by representing Defendants' trucks as being a certain nature and quality when in reality they were a significantly different, and thus falsely represented to the Plaintiff and Class members in order to induce them to purchase Defendants' stock.

78.     Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

79.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

80.     As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as being of a nature and quality different from what they actually were.

81.     Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the its common stocks, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendants not falsely advertised, marketed, or misrepresented the its trucks, Plaintiff and Class Members would not have purchased the Defendants' common stock. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

82.     This practice of making these representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

83.     Defendants has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions. Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

## SECOND CAUSE OF ACTION

## Violation of §10(b) of the 1934 Act and Rule 10b-5

## Against All Defendants

84.     Plaintiff incorporates ¶¶1-83. During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

85.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

      a.  employed devices, schemes and artifices to defraud;

      b.  made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c.  engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of NIKOLA common stock during the Class Period.

86.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for NIKOLA common stock. Plaintiff and the Class would not have purchased NIKOLA common stock at the prices they paid, or at all, if they had been aware that the market price had been artificially and falsely inflated by Defendants' misleading statements.

## THIRD CAUSE OF ACTION

## Violation of §20(a) of the 1934 Act

## Against All Defendants

87.     Plaintiff incorporates ¶¶1-86 by reference.

88.     The Individual Defendants acted as controlling persons of NIKOLA within the meaning of §20(a) of the 1934 Act. By virtue of their positions with the Company, and ownership of NIKOLA stock, the Individual Defendants had the power and authority to cause NIKOLA to engage in the wrongful conduct complained of herein. NIKOLA controlled the Individual Defendants and all of its employees. By reason of such conduct, defendants are liable pursuant to

§20(a) of the 1934 Act.

## MISCELLANEOUS

89.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

90.     Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring NIKOLA CORPORATION DBA NIKOLA MOTOR COMPANY, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of stock during the relevant class period;

(e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(g)     Pre- and post-judgment interest; and

(h)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as

deemed by the Court.

**REQUEST FOR JURY TRIAL**

91.     Plaintiff requests a trial by jury as to all claims so triable.


Dated:  October 16, 2020          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC



By:
       TODD M. FRIEDMAN, ESQ.

       Attorney for Plaintiff